ORIGINAL

# In the United States Court of Federal Claims

No. 17-831C
(Filed: September 28, 2017)

FILED

SEP 2 8 2017

U.S. COURT OF
FEDERAL CLAIMS

|   |   |
|---|---|
| GREGORY DEVON FREDERICK, ) <br> ) <br> *Pro Se* Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) | *Pro Se,* Lack of Subject Matter Jurisdiction, Statute of Limitations |

**ORDER**

**FIRESTONE,** *Senior Judge.*

Now pending before the court is defendant United States Navy's motion to dismiss, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC) the complaint filed by Mr. Gregory Devon Frederick on June 19, 2017. The defendant United States Navy ("the government") contends that the complaint filed by Mr. Frederick is based on a variety of wrongs he allegedly suffered during his enlistment in the Navy between November 21, 1996 and February 20, 2001, when he was issued a general (under honorable conditions) discharge from the Navy. The government argues that because the claims accrued on the date of his discharge on February 20, 2001, this action, filed more than 15 years after that date, is barred by the six-year statute of

7017 1450 0000 1346 2557

limitations set forth in 28 U.S.C. § 2501.[1] The government further argues that this court also lacks subject matter jurisdiction over Mr. Frederick's complaint to the extent his claims sound in tort or are based on alleged due process and civil rights violations. Because the court does not have jurisdiction over Mr. Frederick's claims, the court **GRANTS** the government's motion to dismiss.

I. **BACKGROUND FACTS** [2]

Mr. Frederick joined the United States Navy as a serviceman on November 21, 1996. Def.'s Mot. Dismiss 2; App. 1. Mr. Frederick's first duty station was on the USS Patriot, where he received a positive performance evaluation. Def.'s Mot. Dismiss 2; App. 4. He received a promotion from a Seaman (E-3) to an Operations Specialist Third Petty Officer (E-4) on December 21, 1997. Def.'s Mot. Dismiss 2. Mr. Frederick received mostly positive performance evaluations during the remainder of his time aboard the USS Patriot. Def.'s Mot. Dismiss 2; App. 4-13.

Mr. Frederick was transferred to the USS Crommelin on April 26, 2000. Def.'s Mot. Dismiss 2; App. 14. While aboard the USS Crommelin, Mr. Frederick was charged with three violations of Article 91 of the Uniform Code of Military Justice ("UCMJ")

---

[1] 28 U.S.C. § 2501 states that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."

[2] The facts contained in this section are derived from Mr. Frederick's complaint, the government's motion to dismiss, and the appendix. The government has attached an appendix to its motion which includes Mr. Frederick's Navy employment file, his performance reviews, and the prior Navy Board decisions. The court may look to evidence outside the complaint to determine jurisdiction. *See Land v. Dollar*, 330 U.S. 731, 735 (1947).

2

(insubordinate conduct toward a warrant officer, non-commissioned officer, or petty officer) 10 U.S.C. § 891; Def.'s Mot. Dismiss 3; App. 29-31. After these charges were filed, the Navy began administrative separation processing of Mr. Frederick by reason of "Misconduct - Commission of a Serious Offense." Def.'s Mot. Dismiss 3; App. 17-22. Mr. Frederick was separated from the Navy on February 20, 2001. Def.'s Mot. Dismiss 3; App. 1. As noted above, his discharge was characterized as "general (under honorable conditions)." Def.'s Mot. Dismiss 3; App. 1.

On April 28, 2005, Mr. Frederick sought to change his discharge status before the Naval Discharge Review Board ("NDRB"). Def.'s Mot. Dismiss 3; App. 24-27. In his application before the NDRB, Mr. Frederick requested that his general (under honorable conditions) discharge be upgraded to an "honorable characterization" so that he could "gain access to [the] Montgomery GI Bill," study at the university level, and receive corrective surgery. Def.'s Mot. Dismiss 3; App. 24-27. The NDRB reviewed Mr. Frederick's application which was in the form of a letter that is essentially identical to Mr. Frederick's current complaint. Def.'s Mot. Dismiss 3; App. 25-26. The NDRB also reviewed Mr. Frederick's service record and other documents provided by Mr. Frederick, including his medical records. Def.'s Mot. Dismiss 3; App. 25-26; App. 31-32. On October 26, 2005, the NDRB denied Mr. Frederick's application to change his discharge status. Def.'s Mot. Dismiss 3; App. 23; App. 31-32. The NDRB determined that Mr. Frederick's original general (under honorable conditions) discharge status was proper. Def.'s Mot. Dismiss 3; App. 23; App. 31-32.

In addition to seeking to change his discharge status before the NDRB, Mr. Frederick also sought correction of his military record before the Board for the Correction of Naval Records ("BCNR"). In his request before the BCNR, Mr. Frederick argued that he wanted to have his naval records corrected on account of "pain and suffering from [a] medical procedure." Def.'s Mot. Dismiss 4; App. 35-36. Mr. Frederick provided the BCNR with a statement that is also nearly identical to the complaint he filed in this court. Def.'s Mot. Dismiss 4; App. 36. The BCNR denied Mr. Frederick's request to correct his record on August 21, 2006. Def.'s Mot. Dismiss 4; App. 37-38. Mr. Frederick sought a reconsideration of the BCNR decision on September 4, 2009. Def.'s Mot. Dismiss 4; App. 39. The BCNR denied reconsideration on October 6, 2009. Def.'s Mot. Dismiss 4; App. 39.

More than 15 years after his discharge from the Navy and more than six years after the BCNR's last decision, Mr. Frederick filed his complaint in this court on June 19, 2017 seeking to redress his "grievance against [his] supervisors [ while in the Navy] in attempt(s) to assuage [himself] of the malice that has been afflicted upon . . . [him]." Pl.'s Comp. Specifically, Mr. Frederick claims that he suffered the following "wrongs:"

1. The denial of my right to submit request documents and gain response.
2. The denial of accesses to tools which are detrimental in accomplishing my job in a timely and proficient manner.
3. The denial of my right to file rebuttals to negative evaluations of my job performance.
4. The denial of choice aspects of training which would enhance rate proficiency.
5. The wrongful seizure of personal items and the exploitation of those items with the intent of inflicting financial inadequacy.

4

    6. Subtle forms of harassment with the intent of poisoning my morale.
    7. The denial of key watch positions even after I have ascertained the proper qualification.
    8. The denial of qualification documents which would (mandate) the right to hold higher positions and qualify for advancement (immediately).
    9. The denial of my right to file grievance documentation.
    10. The denial of medical treatment.
    11. Violation of my privacy in the release of medical documentation and the like which have contributed to a hostile work environment.
    12. Outright conspiracy to sabotage my intentions to extend, advance, and progress in my career.

Pl.'s Compl. Mr. Frederick does not seek any specific monetary or injunctive relief in his complaint.

The government filed its motion to dismiss on August 18, 2017. Def.'s Mot. Dismiss. As noted above, in its motion, the government argues that Mr. Frederick's complaint should be dismissed on the grounds that all of the claims are time-barred under 28 U.S.C. § 2501. The government also argues that to the extent Mr. Frederick's claims sound in tort or can be construed to involve due process or civil rights violations the claims are outside the subject matter jurisdiction of this court. On September 13, 2017, Mr. Frederick filed another version of his complaint in response to the government's motion. Pl.'s Resp.

## II. LEGAL STANDARDS

Whether the court has subject matter jurisdiction over a case is a threshold issue that must be resolved in order for the case to proceed. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). The plaintiff bears the burden of proving that

5

jurisdiction exists based on a preponderance of the evidence. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942) (stating "the plaintiff bears the burden of supporting the allegations by competent proof.")). Complaints submitted by *pro se* parties are held to "less stringent standards" than those completed by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, *pro se* plaintiffs still must satisfy jurisdictional requirements. *Heuss v. United States*, 78 Fed. Cl. 442, 444 (2007) (quoting *Bernard v. United States*, 59 Fed. Cl. 497, 499, aff'd, 98 Fed. Appx. 860 (Fed. Cir. 2004)).

As noted, under 28 U.S.C. § 2501, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." The six-year time bar on actions against the United States is jurisdictional, because filing within the six-year period is a condition of the waiver of sovereign immunity in the Court of Federal Claims under the Tucker Act and must be strictly construed. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 136 (2007).

## III. DISCUSSION

The government has moved to dismiss Mr. Frederick's complaint on the grounds that his claims accrued more than six years before he filed this lawsuit and thus his action is barred by the statute of limitations set in 28 U.S.C. § 2501. Def.'s Mot. Dismiss 6. The court agrees. It is well-settled that claims relating to a military discharge accrue at the time of discharge. See *MacLean v. United States*, 454 F.3d 1334, 1336 (Fed. Cir. 2006) (quoting *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003)). Here

Mr. Frederick was discharged from the Navy on February 20, 2001. Def.'s Mot. Dismiss 3; App. 1. Thus Mr. Frederick had until February 20, 2007 to challenge his discharge before this court. Because Mr. Frederick filed his complaint with this court on June 19, 2017, more than fifteen years after his discharge his complaint is time-barred under 28 U.S.C. § 2501.

In addition to his complaint being time-barred, the court also agrees with the government that this court does not have subject matter jurisdiction over Mr. Frederick's claims in any case. Mr. Frederick's complaint focuses on the Navy's alleged mistreatment of him while on active duty. Although it is difficult to characterize the legal nature of his claims, it does appear that the majority either sound in tort or involve possible due process or civil rights violations. As the government correctly argues, these types of claims are outside this court's subject matter jurisdiction. This court does not have jurisdiction over claims sounding in tort. *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993). "[T]he Tucker Act explicitly excludes tort claims against the United States from this court's jurisdiction." *Rothing v. United States*, 132 Fed. Cl. 387, 390 (2017). In addition, this court lacks jurisdiction over claims based on due process and civil rights violations. The Federal Circuit in *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) made plain that the Court of Federal Claims does not have jurisdiction over allegations of violations of the Due Process Clause of the Fifth and Fourteenth Amendments because they do not "mandate payment of money by the government." It is also well-settled that this court does not have jurisdiction over civil

rights claims. Rather, federal district courts have "original jurisdiction" to hear those claims. *See* 28 U.S.C. § 1343. *See also Taylor v. United States*, 666 Fed. Appx. 896, 897 n.1 (Fed. Cir. 2016) ("Congress has authorized federal district courts to hear such claims, 28 U.S.C. § 1343(a), but has granted no such authority to the Court of Federal Claims.")

## CONCLUSION

For the above-stated reasons, the government's motion to dismiss for lack of jurisdiction is **GRANTED.** The clerk shall enter judgment accordingly. No costs.

**IT IS SO ORDERED**.

NANCY B. FIRESTONE
Senior Judge